```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :
              -v-                                 :      13 Cr. 268-25 (JMF)
                                                  :
JUSTIN SMITH,                                     :      MEMORANDUM OPINION
                                                  :           AND ORDER
                     Defendant.                   :
                                                  :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2015

JESSE M. FURMAN, United States District Judge:

On February 16, 2015, Defendant Justin Smith filed a motion for early termination of his probation. (Docket Nos. 1175-76). Upon due consideration of the parties' submissions (Docket Nos. 1177, 1179, and 1180), and mindful of the fact that "[e]arly termination is warranted only occasionally, when changed circumstances — for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)," *United States v. Baffin*, No. 05-CR-48, 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008) (internal quotation marks omitted), Smith's motion is DENIED.

Put simply, Smith has proffered little more than the fact that he has complied with the conditions of probation as the basis for early termination. Smith's conduct since his sentencing is "certainly commendable" (even if not terribly surprising to the Court, given its sense of Smith's history and characteristics at the time of sentencing), "but his actions in complying with the terms of his probation are expected and required by the judgment entered in this action. They are not exceptional." *United States v. Simon*, No. 09-CR-118 (SHS), 2012 WL 4842249, at *1-2 (S.D.N.Y. Oct. 10, 2012); *see also, e.g.*, *United States v. Singer*, No. 08-CR-587, 2012 WL

3062136, at *1 (E.D.N.Y. July 25, 2012) ("[A] defendant's compliance with the conditions of his probation, without more, is insufficient to warrant early termination . . . ." (collecting cases)).

Smith does indicate that he has been prevented from availing himself of certain work and volunteering opportunities because of his travel restrictions. (Docket No. 1177, at 5-6). Smith, however, has previously applied for, and been granted, permission to travel internationally. (*See* Docket No. 888 (granting permission to travel internationally to Cannes, France, and London, England, and stating that future decisions regarding international travel "shall be at the discretion of the supervising district")). He "has never brought to the Court a dispute about a travel request that has not been granted by the Probation Department. The Court expects that the Probation Department will be reasonable in allowing travel for the defendant, and if there is any issue, the defendant can make an appropriate application to the Court." *United States v. Trans*, No. 06-CR-862 (JGK), 2009 WL 3460723, at *1 (S.D.N.Y. Oct. 23, 2009).

For the reasons stated above, Smith's motion is DENIED. The Clerk of Court is directed to terminate Docket No. 1176.[1]

SO ORDERED.

Dated: February 25, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Smith's motion was filed by Sarita Kedia, Esq., who filed a notice of appearance on his behalf the same day. (Docket No. 1174). Noting that Ms. Kedia previously represented two other Defendants in this case (namely, John Jarecki, a/k/a John Hanson, and Anatoly Shteyngrob), the Government suggests that the Court hold a hearing pursuant to *United States v. Curcio*, 680 F.2d 818 (2d Cir. 1982). In the Court's view, however, the potential conflict here is so tenuous and remote — all three Defendants have been sentenced and Ms. Kedia's representation of Smith is presumably limited to making the motion for early termination of probation, which does not relate to her other former clients — that holding a hearing (at which all three Defendants would have to appear given that Ms. Kedia owes a continuing duty of loyalty to her former clients as well) is unnecessary. (*See* Docket No. 1180 at 1 n.1 (taking the position that a hearing is "unnecessary" and that Smith would be prepared "to submit a letter acknowledging his understanding of and waiving any potential conflict").